(Reap. Dec. 9482)

ZYLSTRA CORPORATION *v.* UNITED STATES

Entry No. 24034, etc.

(Decided July 21, 1959)

*Witherspoon, Kelley, Davenport & Toole* (*E. Glenn Harmon* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Murray Sklaroff*, trial attorney), for the defendant.

WILSON, Judge: These appeals for reappraisement relate to certain chinaware exported from England and entered at the port of Boston, Mass.

It appears that the plaintiff corporation is a subsidiary of Rena Ware Distributors which purchased the goods here in issue as premium items in conjunction with the sale of stainless steel cookware by the said distributing company. .

The merchandise involved in reappraisement R58/12502 consists of some 6,000 10-inch plates. The invoice and purchase price for these so-called individual plates is indicated as 84 shillings per dozen. Appraisement of this merchandise was made at 98 shillings per dozen. Plaintiff contends that the merchandise covered by this appeal consists of "sample" plates which are not part of place settings, maintaining, in this connection, that the goods were appraised as though they were parts of place settings instead of individual plates, and that, accordingly, the value of these so-called sample plates is lower than the value of plates which are part of a place setting.

The record in this case, however, does not support the plaintiff's claim. Plaintiff's witness, who negotiated the purchase of the involved goods, admitted in effect, on cross-examination, that there is no difference in quality between these "sample" plates and what he referred to as "standard" china. The witness further agreed that a sample plate could be purchased to replace a regular 10-inch plate in a set (R. 30). Accordingly, it appears that the 10-inch plates in question are comparable to those used in standard merchandise and that they are thus interchangeable in use. There is nothing in this record with respect to the merchandise in question which tends to overcome the presumptively correct value for these goods as found by the appraiser. Accordingly, the appraised value must be sustained.

The merchandise involved in R58/12503 and R58/12504 consists of certain service items which are not properly part of a place setting, but which are available for sale as "side" pieces or supplementary service items for use by persons having place settings. As to the merchandise covered thereby, the value was advanced because of an advance in price by the manufacturer between the time of purchase and the time of delivery of the goods. It appears that this merchandise was appraised at the invoice unit value, plus 50 per centum, representing the price increase by the manufacturer. There is testimony by plaintiff's witness that the registered patterns for the merchandise covered by R58/12503 were owned by the importer's subsidiary corporation. In this connection, plaintiff maintains that these goods were special goods on special order and not "standard" goods, and that, accordingly, the appraised value of the goods does not truly reflect the correct value for the merchandise. The record in this case, however, fails

to show whether or not other purchasers with other registered patterns could purchase merchandise similar to that here imported. It was incumbent upon the importer to establish that neither "such" nor "similar" merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade. *United States* v. *International Forwarding Co., Inc., a/c Ozalid Corporation,* 27 C.C.P.A. (Customs) 21, C.A.D. 56. Further, there is no proof in this record that the merchandise covered by this appeal was not standard merchandise. Accordingly, plaintiff's claim in this respect lacks support.

The merchandise covered by the remaining appeals consists of place settings as to which the value was also advanced, the said merchandise also being appraised at the invoice unit value, plus 50 per centum.

Basically, plaintiff contends with respect to the items of merchandise covered by the appeals herein, with the exception of the so-called "sample" goods involved in R58/12502, that appraisement of the merchandise predicated upon a price increase imposed by the manufacturer upon the supplemental service items and the place settings in question was improper and that the merchandise therein involved is subject to appraisement at a lower value. It appears from the record herein and the official papers that these goods were purchased in December 1956, but that they were not shipped until certain dates subsequent to June 1, 1957, on or about which period the price increase went into effect. Plaintiff's contention that the price at the time of purchase of the goods controls for appraisement purposes is invalid. It is well settled that, for appraisement purposes, the value of imported merchandise is that prevailing at the time of exportation of the goods. Nor does the fact that the goods were ordered for future delivery at a certain price affect the value of the goods for appraisement purposes at the time of exportation of the involved merchandise. *White Lamb Finlay, Inc.* v. *United States,* 29 C.C.P.A. (Customs) 199, C.A.D. 192. The plaintiff herein has offered no proof which in any way rebuts the presumptively correct values found by the appraiser, nor has any other value been established for the service items and place settings here in question.

Considering the evidence as a whole, I find that it is not sufficient to overcome the presumption of correctness attaching to the values found by the appraiser, or to establish any other values for the involved merchandise. Therefore, the values found by the appraiser must be held to be the proper values for all of the involved items of merchandise, and I so find and hold.

Judgment will be entered accordingly.